```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA


GAYNELL M. HOLMES                           CIVIL ACTION

VERSUS                                      NO: 06-6270

ALLSTATE INSURANCE COMPANY                  SECTION: J(4)
and ROGER SHALES
```

### ORDER AND REASONS

Before the Court is the **Plaintiff's Motion to Remand and for Attorneys' Fees (Rec. Doc. 9).** This motion, which was opposed, was set for hearing on February 14, 2007 on the briefs. Upon review of the record, the memoranda of counsel, and the applicable law, this Court now finds, for the reasons set forth below, that Plaintiff's motion to remand should be granted in part and denied in part.

### Background

Plaintiff's Petition alleges that her home sustained both wind and rain damage and flood damage as a result of Hurricane Katrina. (Petition, ¶¶ III, VIII - XI). Plaintiff filed a lawsuit against Allstate Insurance Company ("Allstate") and Roger Shales, an insurance agent, claiming that Allstate misadjusted and mis-administered Plaintiff's claims. Plaintiff also asserts that Shales breached his fiduciary duty to her by misrepresenting

that flood insurance coverage was not necessary.  Specifically, Plaintiff asserts:

> VI.
>
> Petitioner did not enter into a flood policy upon representations made by Agent [Shales] that they should not procure flood insurance.
>
> VII.
>
> Agent [Shales] represented to Petitioner that the above mentioned coverage limits were adequate to properly insurer Petitioner's property and effects.

(Petition, ¶¶ VI-VII).

Allstate removed the case to this court asserting the existence of diversity jurisdiction - based on its claim that Plaintiff improperly joined Shales because he had no duty to advise plaintiff as to coverage.  Allstate also argued that any claims against Shales are perempted.  Plaintiff filed the instant motion to remand, arguing that the Petition does state a cause of action against Shales.  Specifically, it is alleged that when Plaintiff asked Shales to procure all necessary insurance that would cover her home, he secured only a homeowner's policy and represented to her that she should not procure a flood policy.  Plaintiff also responds to Allstate's peremption arguments by asserting that Allstate had not set forth any real arguments or evidence in its Notice of Removal to support this assertion.

In opposition to the motion to remand, Allstate asserted that Shales did not owe a duty to Plaintiff to spontaneously

2

identify and assess her insurance needs.  As for its peremption argument, Allstate contends that the peremptive period on Plaintiff's claims against Shales began to run in April of 2005 when the insurance policy was issued.  Allstate argues that because Plaintiff filed suit more than one year after the policy was issued, Plaintiff's claims against Shales are perempted under La. Rev. Stat. 9:5605.

## Discussion

The main issue in this case is whether Shales was improperly joined to defeat diversity jurisdiction.  The removing party bears the burden of proving that joinder is improper. Hart v. Bayer, 199 F.3d 239, 246 (5th Cir. 2000). In evaluating improper joinder claims, courts must resolve all disputed questions of fact and all ambiguities in controlling state law in favor of the non-removing party.  Id.  Joinder is not improper if there is any possibility of recovery against a non-diverse defendant.  Id., citing Dodson v. Spiliada Maritime Corp., 951 F.2d 40 (5th Cir. 1992).  Accordingly, if there is any possibility that Plaintiff can recover from non-diverse Defendant Shales under the allegations excerpted above, this matter must be remanded.

This Court concludes that Allstate has failed to carry its heavy burden of proving improper joinder.  This Court cannot conclude that there is no possible recovery against Shales in this case.  In paragraphs VI and VII of the Petition, Plaintiff

3

claims that she relied on Shales recommendation *to not procure* flood insurance.  This Court concludes that these allegations are sufficient to state a cause of action against Shales for negligence.  <u>See Dastugue v. State Farm Fire and Casualty Company</u>, 2006 WL 3375189 (S.D. Miss. 2006).

As for Allstate's peremption argument, this Court notes that Plaintiff is asserting Shales negligently misrepresented to her that she should not procure flood insurance, and she relied on that advice to her detriment.  Although this is a close call, this Court concludes that Plaintiff could not have known that Shales' representation to her to not procure flood insurance was negligent until her property flooded and she had no coverage to insure that loss.  Thus, there is a question of fact as to when the peremption period on Plaintiff's claims began to run, and the Court is bound to resolve all disputed questions of fact in favor of the non-removing party.

Considering the foregoing, the undersigned concludes that in this case, Allstate has failed in its burden to show that there is no reasonable possibility of recovery in Plaintiff's claims against Shales.  Accordingly, Shales was not improperly joined, diversity jurisdiction is lacking, and this matter must be remanded. 28 U.S.C. § 1447.

**IT IS ORDERED** that pursuant to 28 U.S.C. § 1447, **Plaintiff's Motion to Remand and for Attorneys' Fees (Rec. Doc. 9)** should be

and is hereby **GRANTED IN PART and DENIED IN PART**.  This matter is hereby **REMANDED** to the 34th Judicial District Court for the Parish of St. Bernard; no costs shall be imposed upon Defendants.

New Orleans, Louisiana this 21st day of February, 2007.

_____
CARL J. BARBIER
UNITED STATES DISTRICT JUDGE